O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTOPHER PYLE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF REDONDO BEACH POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-09433-ODW (FFMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [9]** |

## I. INTRODUCTION

Before the Court is Defendants' Motion for Judgment on the Pleadings (the "Motion"). (Mot. J. on Pleadings ("Mot."), ECF No. 9.) On September 24, 2019, Plaintiff Christopher Pyle initiated this action against Defendants City of Redondo Beach (the "City"), erroneously sued as the City of Redondo Beach Police Department, John Anderson, and Derek Theurer (collectively, "Defendants") in Los Angeles County Superior Court. (Compl., ECF No. 1-2.) On November 1, 2019, Defendants removed this case to federal court. (Notice of Removal, ECF No. 1.) On February 13, 2020, Defendants filed this Motion, which the parties have now fully briefed. (ECF Nos. 9, 13–14.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of the "City Claim Reporting Form for All Persons and Property" alleging civil rights violations that Plaintiff submitted to the City on March 29, 2019.  (*See* Defs.' Req. Judicial Notice ("RJN") Ex. A ("Government Claim Form"), ECF No. 9-3.)  Defendants' request is unopposed.

The Court may take judicial notice of "fact[s] . . . not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  The Court may take judicial notice of "matters of public record" that are not "subject to reasonable dispute."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because Plaintiff's Government Claim Form is publicly available, readily verifiable, and is not subject to reasonable dispute, Defendants' unopposed RJN is **GRANTED**.

## III.  BACKGROUND

On October 2, 2018,[2] after having lunch near a church located around Avenue D in Redondo Beach, California, Plaintiff and two friends approached their vehicle.  (Compl. ¶¶ 11–12.)  Plaintiff "called" the front seat of the vehicle, but one of his friends jokingly took the seat instead.  (Compl. ¶¶ 11–12.)  Plaintiff and his friend then engaged in friendly rough-housing as Plaintiff attempted to pull his friend from the front seat of the car in jest.  (Compl. ¶¶ 11–12.)  Plaintiff eventually reclaimed the front seat of the vehicle, and the friend who had been ejected from the seat began to walk away.  (Compl. ¶ 13.)  A bystander who witnessed the interaction from across the street called 911 to report a "domestic dispute" because she saw the men "fighting."  (Compl. ¶ 14.)

Plaintiff alleges that six to seven police officers in three to four squad cars responded to the call, arriving on the scene with guns drawn.  (Compl. ¶¶ 15, 26.)

---

[2] In the Complaint, Plaintiff incorrectly alleges the incident occurred on October 2, 2019.  (Compl. ¶¶ 11, 28–29.)  However, Plaintiff's Government Claim Form clarifies the incident occurred on October 2, 2018.  (Government Claim Form 7.)

Plaintiff further alleges that the police officers used excessive force against him. (Compl. ¶¶ 15–23.) Specifically, Plaintiff claims that three officers pinned him to the ground, twisted his arms behind his back, and put him in an ankle lock after Plaintiff accused the officers of harassment and requested their badge numbers. (Compl. ¶¶ 19–21.) Plaintiff also claims that one officer told him, "[y]ou're not so tough anymore, are you, screaming like a little girl?" while he was pinned to the ground. (Compl. ¶ 22.) According to Plaintiff, the officers did not look at his identification, did not search the vehicle, and ultimately made no arrests. (Compl. ¶ 25.) After the officers pulled Plaintiff to his feet, they ran name checks on the three men and gave them an opportunity to explain themselves. (Compl. ¶ 25.) Plaintiff and his friends told the officers they had only been "kidding around" and all three men were released. (Compl. ¶ 25.)

On September 24, 2019, Plaintiff filed a Complaint against Defendants asserting four claims for: (1) violations of the Federal Civil Rights Act under 42 U.S.C. § 1983; (2) violations of the Bane Civil Rights Act under California Civil Procedure Code section 52.1; (3) battery; and (4) negligence. (Compl. ¶¶ 30–54.) Plaintiff alleges that he suffered physical and emotional injuries and has been unable to work as a construction laborer as a result of the police encounter. (Compl. ¶ 28.)

### IV.   LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact) . . . ." (citations omitted)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## V. DISCUSSION

Defendants move for judgment on the pleadings on two grounds. First, Defendants argue that Plaintiff cannot maintain a Bane Act claim because he failed to specifically allege a violation of California Civil Procedure Code section 52.1 in the Government Claim Form he submitted to the City. Second, Defendants contend that Plaintiff alleges insufficient facts to state a negligence claim. The Court addresses each argument in turn.

### A. Bane Act Violation (Second Cause of Action)

Defendants contend that "each cause of action and set of allegations of the complaint must have been presented in the government tort claim," (Mot. 5 (citing *Nelson v. State*, 139 Cal. App. 3d 72, 79 (1982))), whereas Plaintiff's "tort claim does not include a claim for violation of Civil Code § 52.1," (Mot. 5). Plaintiff

counters that he was not required to specifically identify a violation of the Bane Act in his tort claim to comply with the requirements of the California Tort Claims Act ("Tort Act"). (Pl.'s Opp'n to Mot. ("Opp'n") 5, ECF No. 13.)

To state a tort claim against a California public entity or employee, a plaintiff must allege compliance with the Tort Act. *Beagle v. Schwarzenegger*, 107 F. Supp. 3d 1056, 1072 (E.D. Cal. 2014). California's Tort Act section 945.4 requires a prospective plaintiff to present a written claim to the public entity before filing a lawsuit for damages. Cal. Gov't Code § 945.4. There are strict procedures for the claim process, including specific factual content that must be in the claim and a time bar of six months for claims related to personal injury. *Id.* §§ 910, 911.2(a). Section 910 requires the claim to include: "(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "(d) [a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." *Id.* § 910(c), (d). A failure to allege facts demonstrating or excusing compliance with the claim presentation requirements of the Tort Act subjects a state law claim against a public entity or employee to dismissal. *McKinney v. City of Hawthorne*, No. CV 08-07-GW (Ex), 2008 WL 11338194, at *3 (C.D. Cal. Feb. 11, 2008).

"The purpose of [the Tort Act] is 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'" *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (quoting *City of San Jose v. Super. Ct.*, 12 Cal. 3d 447, 455 (1974). "[A] claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.'" *Id.* (quoting *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1426 (1992)). "If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim." *Id.* at 447. In other words, the

claim and the complaint must be "predicated on the same fundamental facts" and a party may not "shift the fundamental facts about her injury." *White v. Super. Ct.*, 225 Cal. App. 3d 1505, 1510–11 (1990). A complaint will be barred "where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." *Stockett*, 34 Cal. 4th at 447 (internal quotation marks omitted). "Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." *Id.*

Here, Plaintiff's claim sent to the City states in pertinent part:

**How Did the Damage/ Loss/ Injury occur? (Be Specific)**

Mr. Pyle was outside his vehicle, telling a friend to leave his car so he could drive to work. As they were speaking, several Redondo Beach police cars pulled up to the scene. Mr. Pyle complied, but remarked on the fact that having guns drawn was unnecessary for the situation, and asked for their badge numbers. This is when an unknown officer twisted Mr. Pyle's arm into a lock and put his knee on his head, putting his full bodyweight onto Mr. Pyle's head and neck, while yelling into his ear. "You want my badge number motherfucker? Now you're crying like a little girl." Another officer was holding his legs down and also putting them in a lock. The officers held him in this strained position for several minutes, all for no just cause, because Mr. Pyle requested public information from them.

**What particular act or omission do you claim caused the Damage/ Loss/ Injury?**

The officers, in the course and scope of employment, used unreasonable force against Mr. Pyle, who was not committing a crime or threatening anyone, and wrongfully restrained and detained him. They committed battery, intentional and negligent infliction of emotional distress, and a violation of Mr. Pyle's civil rights. The Redondo Beach PD failed to properly train the officers.

(Government Claim Form 7.) Although Plaintiff's Government Claim Form only identifies "battery, intentional and negligent infliction of emotional distress, and a violation of Mr. Pyle's civil rights" without specifying the pertinent statutes, Plaintiff alleges the same "fundamental facts" for all of his claims, which have at their core the officers' alleged use of unreasonable force against him. *See, e.g.*, *IDC v. City of Vallejo*, No. CV 13-1987-DAD, 2013 WL 6670557, at *4 (E.D. Cal. Dec. 18, 2013) (citing *White*, 225 Cal. App. 3d at 1511) (concluding that tort claim concerning use of excessive force fairly reflected "the complaint's claims for false arrest, the intentional and negligent infliction of emotional distress, violation of California Civil [Code] § 51.7, negligence[,] and respondeat superior"). While the Complaint here is sparsely pleaded, as far as the Court can tell, the Bane Act cause of action is rooted in the same fundamental facts regarding the officers' alleged use of unreasonable force. Accordingly, the facts presented in the underlying Government Claim Form would have put the relevant government entities on notice for purposes of investigating and, if necessary, settling the claim. Thus, the Court finds that the Complaint comports with the claim presentation requirements of the Tort Act and **DENIES** Defendants' Motion as to the second cause of action.

### B. Negligence (Fourth Cause of Action)

Plaintiff brings negligence claims against all Defendants. (Compl. ¶¶ 51–54.) The City seeks dismissal because Plaintiff cannot seek direct liability of a public entity unless it is founded on a specific statute. (Mot. 6–7.) Defendants Anderson, Theurer, and Does 1–100 seek dismissal because Plaintiff's allegations are conclusory and based on insufficient facts. (Mot. 7.)

In California, a statutory basis is needed to impose direct liability on a government entity. Cal. Gov't Code § 815(a). As such, Defendants are correct that a claim of direct liability against a public entity for negligence must be based on a specific statute creating a duty of care rather than on the general tort provisions of California Civil Code section 1714. *See Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal.

4th 1175, 1182 (2003). However, public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." Cal. Gov't Code § 815.2(a). A public employee is liable for injury to the same extent as a private person "except as otherwise provided by statute." *Id.* § 820(a). "Thus, the general rule is that public entities are generally liable for the torts of their employees to the same extent as private employers." *State ex rel. Dep't of Cal. Highway Patrol v. Super. Ct.*, 60 Cal. 4th 1002, 1009 (2015). In other words, in lieu of direct liability, section 815.2(a) provides for vicarious liability against public entities.

Plaintiff apparently concedes that he must identify a statute imposing direct liability on the City but argues that the City can be held vicariously liable under state law for the negligence of its employee officers. (Opp'n 6–7.) Indeed, if Plaintiff is permitted to allege negligence claims against Defendants Anderson or Theurer, he should be permitted to allege derivative vicarious liability claims against the City under California Government Code section 815.2(a). *See A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) (holding that district court erred in conflating A.E.'s direct and derivative liability claims and dismissing the latter with prejudice because "[a]s long as A.E. is permitted to allege that County employees were negligent, he must also be permitted to allege that the County is derivatively liable"). The Complaint, however, does not make clear whether Plaintiff's negligence claims against the City are brought under a theory of direct liability, vicarious liability, or both. The entire fourth cause of action lumps together all Defendants and makes no distinction among the three named Defendants in any of the underlying allegations. (*See* Compl. ¶¶ 51–54.) Accordingly, the Court **GRANTS** the Motion as to Plaintiff's fourth cause of action against the City, **with leave to amend**, so that Plaintiff may clarify the bases under which he alleges negligence against the City. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (ruling that leave to amend is proper when amendment is not futile).

With respect to the individual Defendants, the Court determines that Plaintiff's allegations are sufficient to maintain his negligence claims. Peace officers have a duty to act reasonably when using force, but the reasonableness of the officer's actions must be determined in light of the totality of the circumstances. *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629 (2013). To prevail on a negligence claim, a plaintiff must show that the officers "acted unreasonably and that the unreasonable behavior harmed" the plaintiff. *Price v. Cty. of San Diego*, 990 F. Supp. 1230, 1245 (S.D. Cal. 1998); *see also Ortega v. City of Oakland*, No. CV 07-02659-JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008).

Here, Plaintiff brings Fourth Amendment claims based on the officers' alleged use of excessive force and further alleges negligent use of force under state law. (*See* Compl. ¶¶ 30–36, 53.) Because these civil rights violations suffice to allege the officers breached a duty of care under California law, Plaintiff's negligence claims against the individual officers survive dismissal. Accordingly, the Court **DENIES** the Motion as to Plaintiff's fourth cause of action on that basis.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Judgment on the Pleadings (ECF No. 9) as follows:

1. The Motion is **GRANTED with leave to amend** as to Plaintiff's fourth cause of action of negligence against the City;

2. The Motion is **DENIED** as to Plaintiff's fourth cause of action of negligence against the remaining Defendants; and

3. The Motion is **DENIED** as to Plaintiff's second cause of action of civil rights violations under the Bane Act.

If Plaintiff chooses to amend his pleadings, he shall file a First Amended Complaint ("FAC") in conformance with this Order no later than **twenty-one (21) days** from the date of this Order.  If Plaintiff files a FAC, Defendants shall file a response no later than **fourteen (14) days** from the date of the FAC filing.

**IT IS SO ORDERED.**

July 20, 2020

_____
         **OTIS D. WRIGHT, II
         UNITED STATES DISTRICT JUDGE**