O

# United States District Court
# Central District of California

CHRISTOPHER PYLE,

                Plaintiff,

    v.

THE CITY OF REDONDO BEACH POLICE DEPARTMENT, *et al.*,

                Defendants.

Case No. 2:19-cv-09433-ODW (FFMx)

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR LACK OF PROSECUTION [25] AND DENYING AS MOOT DEFENDANTS' EX PARTE APPLICATION [27]**

## I.     INTRODUCTION

Before the Court is a Motion to Dismiss for Lack of Prosecution pursuant to Federal Rule of Civil Procedure 41(b) filed by all three Defendants in this matter. (Mot., ECF No. 25.) Defendants make a strong showing that Plaintiff has not participated in the proceedings and is not readying for trial, currently set for March 1, 2022. Corroborating Defendants' showing, Plaintiff did not oppose Defendants' Motion. (*See* Not. Non-Opp'n, ECF No. 26.) For the reasons that follow, the Court **GRANTS** Defendants' Motion and dismisses the action.

## II. BACKGROUND

Plaintiff Christopher Pyle initiated this action in the Superior Court of California, County of Los Angeles, on September 24, 2019. (Notice of Removal Ex. 2 ("Compl."), ECF No. 1-2.) Defendants removed the action to this Court on November 1, 2019. (Notice of Removal, ECF No. 1.) Defendants moved for judgment on the pleadings, (ECF No. 9), and the Court granted the motion in part with leave to amend, (ECF No. 16). Pyle then filed the operative First Amended Complaint ("FAC"), asserting claims for 1) violation of 42 U.S.C. § 1983—Fourth Amendment; 2) violation of California Civil Code § 52.1—Bane Civil Rights Act; 3) battery; and 4) negligence. (*See* FAC, ECF No. 17.) Defendants answered, (ECF No. 18), settling the pleadings as of August 21, 2020.

In May 2021, the parties requested, and the Court granted, a continuance of trial dates, re-setting the trial for March 1, 2022.

Defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 41 due to Pyle's failure to prosecute. (*See* Mot.) Defendants noticed the hearing on the Motion for November 15, 2021, at 1:30 p.m. Thus, pursuant to Local Rule 7-9, Pyle's opposition was due no later than October 25, 2021. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, Pyle has filed no opposition.

## III. PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss the entirety of Pyle's action. Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988). In *Ghazali*, the Ninth Circuit found these factors supported dismissal where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Although the fourth factor typically militates against dismissal, here, Defendants make a strong showing that Plaintiff has generally failed to meaningfully participate in discovery, either as a proponent of his own discovery or as a respondent to Defendants' discovery. If this is the case—and, absent a contrary showing, the Court takes this to be the case—then Pyle's own actions have made a trial of this case on its merits more difficult, because a meritorious trial cannot happen without a fully developed factual record. That Pyle has made trial on the merits more difficult lessens the tendency of this factor to compel dismissal.

Additionally, the first two factors are especially salient in supporting dismissal in this instance, at a time when jury trials are resuming following COVID-19-related closures and courts are faced with immense trial backlogs. *See Malone*, 833 F.2d at 131 (analyzing the first two factors together). The public interest is served by reserving trial for those litigants who fulfill their discovery obligations and otherwise participate in the proceedings.

Pyle received notice of the Motion and had ample opportunity to respond. However, despite Defendants moving to dismiss the case in its entirety and providing evidence of myriad ways in which Pyle has failed to participate in or prosecute this

litigation, Pyle failed to oppose—whether by rebutting Defendants' accusations of avoiding depositions and discovery obligations, or indicating to the Court that Pyle intends to and will be prepared to move forward with trial in March 2022, or otherwise.

Pyle is represented by counsel in this matter and his attorney is a registered CM/ECF user who receives notice of electronic filings in this action. Further, Pyle was previously engaged in this matter; Pyle opposed Defendants' motion for judgment on the pleadings and participated in procedural stipulations to schedule and manage the case. Pyle offers no excuse for failing to oppose, nor has he sought an extension of time to oppose or other relief. As such, the Court construes Pyle's failure to respond to Defendants' Motion as consent to the Court granting it.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Motion to Dismiss.

## IV. EX PARTE APPLICATION

On November 2, 2021, Defendants filed an ex parte application to continue the deadline for hearing motions from December 6, 2021 to January 10, 2022. Defendants sought extra time to file summary judgment motions in case the Court did not grant their Motion to Dismiss. Because the Court is granting Defendants' Motion to Dismiss, the ex parte application is **MOOT** and is **DENIED** as such. (ECF No. 27.)

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 25) and **DISMISSES** Plaintiff's action **WITHOUT PREJUDICE**. Defendant's ex parte application is **DENIED AS MOOT**. (ECF No. 27.) The Court will issue Judgment.

**IT IS SO ORDERED.**

November 3, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**